**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOW JONES & COMPANY, INC.,

                    Plaintiff,

          - against -

JUWAI LTD.,

                    Defendant.

Case No. 1:21-cv-07284-PKC

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
**GOVERNING CONFIDENTIAL MATERIALS**

WHEREAS during the course of the above-captioned action (the "Action"), Plaintiff Dow Jones & Company, Inc. ("Dow Jones") and Defendant Juwai Ltd. ("Juwai," and together with Plaintiff, "the Parties" and each is a "Party"), and certain non-parties may be subject to discovery requests, subpoenas, and/or proceedings which seek disclosure of information that constitutes or contains confidential commercial information or trade secrets within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS the Parties wish to preserve the confidentiality of such information through the use of a protective order (this "Protective Order" or "Order"); and

WHEREAS the Parties have a legitimate interest in maintaining the confidentiality of confidential and/or proprietary information that may be produced in this Action, and would otherwise suffer immediate and serious injury if the confidentiality of such information were not maintained;

IT IS HEREBY STIPULATED AND AGREED, by and through undersigned counsel and subject to approval by the Court, that this Order and the procedures set forth herein shall

govern the designation and protection of Confidential Discovery Material and Confidential –

Counsel Eyes Only Discovery Material (as defined below).

THEREFORE, the Parties having stipulated, the Court, for good cause shown, hereby

ORDERS:

1. **<u>Definitions</u>**

a.     "Confidential" information means information that the Designating Party in good

faith reasonably believes qualifies for protection under Federal Rule of Civil Procedure 26(c),

which may include: (i) nonpublic commercial, financial, or business strategy information; (ii)

trade secrets and intellectual property that, if disclosed, would provide others with an unfair

competitive or improper advantage; (iii) an individual's private or personal information which,

if disclosed, may violate the privacy rights of that individual; and (iv) information that is subject

to an express obligation of confidentiality owed by the Designating Party to a third party.

b.     "Confidential – Counsel Eyes Only" means information that the Designating

Party in good faith reasonably believes qualifies for protection under Federal Rule of Civil

Procedure 26(c), which may include, without limitation, proprietary technical data or

particularly sensitive competitive commercial information, such as information tending to

reveal the identities of customers and prospective customers whose status as such is not publicly

known, particularly sensitive non-public financial information, product specifications and/or

information regarding the technology used to make products, and particularly sensitive forward

looking forecasts, projections, strategies, plans or the like.

c.     "Confidential Discovery Material" means any document, information, filing, or

other material that a Designating Party has designated as "Confidential" under this Order.

d.      "Confidential – Counsel Eyes Only Discovery Material" means any document, information, filing, or other material that a Designating Party has designated as "Confidential – Counsel Eyes Only" under this Order.

e.      "Designating Party" means the Party or non-party producing or designating information as Confidential or Confidential – Counsel Eyes Only pursuant to this Order.  By designating information as Confidential or Confidential – Counsel Eyes Only, Outside Counsel certifies its good-faith belief that the information so designated meets the definitions under this Order.

f.      "Receiving Party" means the Party to whom Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material is produced.

g.      "In-House Counsel" means the Parties' internal attorneys involved in the management or oversight of this Action, including their clerical and litigation support, paralegal, and similar employees.

h.      "Outside Counsel" means any attorney at the Parties' outside law firms retained in connection with this Action, and their clerical and litigation support, paralegal, and similar employees.

2.      **Designation of Confidential Information**

a.      The Parties and any non-parties may designate information and documents as "Confidential" as defined above.

b.      All Confidential Discovery Material (other than that produced in native format) shall be designated by stamping or affixing on the face of each document and on each page or portion thereof (in a manner that will not interfere with the legibility of the document) the legend "Confidential."  Electronic documents produced in native format shall include a placeholder sheet produced with that document that is marked or stamped "Confidential" and

such electronic documents produced in native format shall include "Confidential" in the file name.  The marking "Confidential" shall be applied prior to or at the time the documents are produced or disclosed.

c.      Portions of deposition, hearing, or trial transcripts may be designated Confidential by the Parties either: (a) during the deposition or hearing, in which case, the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "Confidential" by the reporter; or (b) after receipt of the transcript, in which case, a separate transcript marked "Confidential" shall be requested by the Designating Party.  In the event that a deposition transcript is not designated as Confidential during the deposition, all transcripts of the deposition shall be deemed to be and shall be treated as "Confidential – Outside Counsel's Eyes Only" for a period of thirty (30) calendar days following the date of the deposition, during which time each party shall review the transcript and determine whether any or all portions of the transcript should be designated as Confidential or Confidential –Counsel Eyes Only.

d.      In the event a Designating Party produces Confidential Discovery Material that has not been correctly designated, the Designating Party may re-designate the information to the same extent as it may have designated the information before production by a subsequent notice in writing specifically identifying the re-designated information.  The Parties shall treat such information in accordance with this Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the re-designation.  No proof of error, inadvertence, or excusable neglect shall be required for such re-designation.

e.      A Designating Party who has designated information as Confidential may withdraw the designation by written notification to the Receiving Party.

f.      No information that is in the public domain or that is already known by the Receiving Party prior to disclosure by the Designating Party or that becomes available to the Receiving Party from a third-party source that obtained the information without violating a duty of confidentiality to the Designating Party shall be deemed Confidential under this Protective Order.

**3.      Use and Disclosure of Confidential Discovery Material**

a.      Until or unless the Court rules otherwise, Confidential Discovery Material shall be maintained in strict confidence and not to be used or disclosed by the Parties or any persons identified in subparagraph (b) for any purpose whatsoever other than in this Action.

b.      Confidential Discovery Material may only be disclosed to the following categories of persons ("Qualified Persons") unless otherwise noted:

i.      The Parties' In-House Counsel and Outside Counsel;

ii.     Experts (whether expected to testify or not) or consultants retained by a Party and/or its counsel in connection with this Action and those working under their direction or control, provided that each expert signs and agrees to the provisions set forth in the non-disclosure agreement in the form attached as Exhibit A;

iii.    Current directors, officers, or employees of the Parties who have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting Outside Counsel in the litigation of this Action;

iv.     Any 30(b)(6) deposition witness presented by the Designating Party ;

v.      The Court and its personnel;

vi.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions;

vii.    Court reporters, stenographers, or video recorder operators retained by the Parties and/or Outside Counsel to record a deposition;

viii.   Vendors retained by or for the Parties or their Outside Counsel to assist in preparing for discovery and/or any hearings including, but not limited to, jury consultants or like personnel, litigation support personnel, outside

copy services or litigation support services whose function necessitates access to material, including electronically stored documents, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to Confidential Discovery Material under this Order, provided that each such vendor signs and agrees to the provisions set forth in the non-disclosure agreement in the form attached as Exhibit A; and

ix.     Any person who, based on the face of the Confidential document; as established through specific documentary or testimonial evidence; or as agreed to by the Designating Party, authored or previously received a copy of a designated document.

c.     The list of Qualified Persons may be expanded or modified by mutual agreement in writing by Outside Counsel for the Parties without the necessity of modifying this Order.

d.     A Party who wishes to disclose Confidential Discovery Material to persons other than those permitted under this Order must first make a reasonable attempt to obtain the Designating Party's permission, which shall not be unreasonably withheld by the Designating Party.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

e.     This Order does not restrict the Parties' ability to use or disclose their own Confidential Discovery Material.

**4.     <u>Designation of Confidential – Counsel Eyes Only Information</u>**

a.     The Parties and any non-parties may designate information and documents as "Confidential – Counsel Eyes Only" as defined above.

b.     All Confidential – Counsel Eyes Only Discovery Material (other than that produced in native format) shall be designated by stamping or affixing on the face of each document and on each page or portion thereof (in a manner that will not interfere with the legibility of the document) the legend "Confidential – Counsel Eyes Only."  Electronic documents produced in native format shall include a placeholder sheet produced with that document that is marked or stamped "Confidential – Counsel Eyes Only" and such electronic

documents produced in native format shall include "Confidential – Counsel Eyes Only" or "Confidential – OCEO" in the file name.  The marking "Confidential – Counsel Eyes Only" shall be applied prior to or at the time the documents are produced or disclosed.

   c. Portions of deposition, hearing, or trial transcripts may be designated Confidential – Counsel Eyes Only by the Parties either: (a) during the deposition or hearing, in which case, the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "Confidential – Counsel Eyes Only" by the reporter; or (b) after receipt of the transcript, in which case, a separate transcript marked "Confidential – Counsel Eyes Only" shall be requested by the Designating Party.

   d. In the event a Designating Party produces Confidential – Counsel Eyes Only Discovery Material that has not been correctly designated, the Designating Party may re-designate the information to the same extent as it may have designated the information before production by a subsequent notice in writing specifically identifying the re-designated information.  The Parties shall treat such information in accordance with this Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the re-designation.  No proof of error, inadvertence, or excusable neglect shall be required for such re-designation.

   e. A Designating Party who has designated information as Confidential – Counsel Eyes Only may withdraw the designation by written notification to the Receiving Party.

   f. No information that is in the public domain or that is already known by the Receiving Party prior to disclosure by the Designating Party or that becomes available to the Receiving Party from a third-party source that obtained the information without violating a duty

of confidentiality to the Designating Party shall be deemed Confidential – Counsel Eyes Only under this Protective Order.

5.     **Use and Disclosure of Confidential – Counsel Eyes Only Discovery Material**

a.     Until or unless the Court rules otherwise, Confidential – Counsel Eyes Only Discovery Material shall be maintained in strict confidence and not to be used or disclosed by the Parties or any persons identified in subparagraph (b) for any purpose whatsoever other than in this Action.

b.     Confidential – Counsel Eyes Only Discovery Material may only be disclosed to the persons set forth and under the conditions set forth in Sections 3(b)(ii), 3(b)(iv), 3(b)(v), 3(b)(vi), 3(b)(vii), 3(b)(viii), and 3(b)(ix) above, to Outside Counsel, and to the following members of Dow Jones's In-House Counsel: Jason Conti, Craig Linder and Michael Adelman.

c.     This list of persons may be expanded or modified by mutual agreement in writing by Outside Counsel for the Parties without the necessity of modifying this Order.

d.     A Party who wishes to disclose Confidential – Counsel Eyes Only Discovery Material to persons other than those permitted under this Order must first make a reasonable attempt to obtain the Designating Party's permission, which shall not be unreasonably withheld by the Designating Party.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

e.     This Order does not restrict the Parties' ability to use or disclose their own Confidential – Counsel Eyes Only Discovery Material.

6.     **No Waiver of Privileges**

a.     The production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection from discovery is not a waiver of that privilege or protection, and the Parties agree there is no need to demonstrate that

the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or any similar state, local or other rule or protection.

b.      If, during the course of this Action, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the Receiving Party in writing, and the Parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations, or summaries thereof will be destroyed within ten (10) calendar days. Any Party who receives materials that reasonably appear to be covered by a privilege and were provided inadvertently shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the producing Party to afford an opportunity to request return of the materials.  Nothing in this provision requires a Party or its Outside Counsel to delete or destroy information securely stored on backup media maintained for disaster recovery or similar purposes.

c.      If a Receiving Party disputes the assertion of privilege in a notice received under subsection (b), it shall undertake reasonable efforts to resolve the dispute with the Designating Party and, if no resolution is reached, may request that the Court resolve the dispute (including by requesting an *in camera* review of the disputed material).  The existence of a dispute over the assertion of privilege does not absolve the Receiving Party of its obligations to return or destroy information as provided in subsection (b).

**7.     Disputes over Designation**

a.      If a Party in good faith disputes a Designating Party's designation of Discovery Material as Confidential or Confidential – Counsel Eyes Only, the Party shall notify the Designating Party in writing of the basis for the dispute (the "Objection") and identify the

specific Discovery Materials and designations which are disputed. The objecting Party and the Designating Party shall then meet and confer to attempt to resolve the Objection without involvement of the Court.

b.      If the Parties cannot resolve the Objection within fourteen (14) calendar days of when the Objection was served on the Designating Party, the objecting Party may then file a motion to re-designate the Discovery Materials in dispute.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The Designating Party bears the burden of proving that the Discovery Materials are properly designated as Confidential or Confidential – Counsel Eyes Only Discovery Material.  The Discovery Materials shall remain subject to the Designating Party's designation until the Court rules on the dispute.

c.      A Designating Party's designation of Discovery Materials as Confidential or Confidential – Counsel Eyes Only Discovery Material, or a Party's failure to contest such a designation, is not an admission that the information was properly designated, and it is not determinative of whether such Discovery Materials are entitled to be deemed as such.

**8.      Use of Confidential Discovery Material and Confidential – Counsel Eyes Only Discovery Material**

a.      Unless otherwise ordered by this Court or agreed to by the Parties, all Confidential Discovery Materials and Confidential – Counsel Eyes Only Discovery Material filed with this Court or any other court shall be filed pursuant to CM/ECF procedures for filing sealed documents.

b.      In the event that any Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material is used in any court proceeding in connection with this Action, it

shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

c.      Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**9.      Reasonable Precautions and Storage**

a.      The Parties and Outside Counsel for the Parties shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material and Confidential – Counsel Eyes Only Discovery Material.  If the Receiving Party learns of any improper disclosure of Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material, the Party's counsel shall attempt to obtain all copies of such Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material and shall inform

the Designating Party promptly of the disclosure and the circumstances surrounding the

disclosure, and no later than three (3) business days after discovery of such disclosure.

b.      Confidential Discovery Material and Confidential – Counsel Eyes Only

Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a

manner that persons not in the employment or service of those possessing such Confidential

Discovery Material or Confidential – Counsel Eyes Only Discovery Material will be unlikely to

obtain access to it.

**10.     <u>Document Disposal</u>**

a.      Within sixty (60) days of the conclusion of this Action, including any appeals, all

Confidential Discovery Material and Confidential – Counsel Eyes Only Discovery Material

furnished pursuant to the terms of this Order shall be destroyed by the Receiving Party.  The

Receiving Party shall certify that it has directed all persons to destroy documents and that it has

destroyed Confidential Discovery Material and Confidential – Counsel Eyes Only Discovery

Material received in connection with this Action in their own possession.

b.      Notwithstanding the foregoing, Outside Counsel may retain documents

constituting attorney-client communications, attorney work product, expert and consultant work

product, as well as all correspondences, pleadings, motion papers, trial, deposition and hearing

transcripts and exhibits, even if such materials contain Confidential Discovery Material or

Confidential – Counsel Eyes Only Discovery Material.  Any such copies shall remain subject to

this Order.

c.      Nothing in this section requires the Parties or Qualified Person to delete or

destroy information securely stored on backup media maintained for disaster recovery or similar

purposes.

**11.** **Production of Information to Comply with Law**

      a.    If Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material in the possession, custody, or control of a Receiving Party is sought by subpoena, civil investigative demand, request for production of documents, interrogatory, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, government agency, or any other person or Court purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties ("Discovery Request"), the Receiving Party who received the Discovery Request shall promptly give written notice to counsel for the Designating Party and provide a copy of the Discovery Request so that the Designating Party has reasonable opportunity to challenge or oppose the Discovery Request. A Party in receipt of a Discovery Request shall give notice to the Designating Party no later than five (5) business days of receipt, and in all events at least ten (10) business days before any Confidential Discovery Material is produced in response to the Discovery Request.

      b.    The Designating Party may take any lawful action to challenge or oppose the Discovery Request compelling production of Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material. If the Designating Party objects and moves against the Discovery Request, the Party receiving the Discovery Request shall not produce Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material unless and until there is an order from a court or Court compelling such production or the Designating Party consents in writing. The Party receiving the Discovery Request likewise shall not object to or interfere with any effort by the Designating Party to seek a determination of the Designating Party's motion or objection before compliance is required.

c.      The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material.

d.      Nothing in this Order shall prevent a Party from making any disclosure necessary to comply with any applicable law.  The obligations stated in this subsection shall not apply if a law enforcement agency requests that a Discovery Request not be disclosed.

**12.      Survival of Obligations**

This Order shall remain in full force and effect after the termination of this Action, or until canceled or otherwise modified by Order of this Court.

**13.      Not an Admission**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing in this Order or done by the Parties pursuant to this Order shall constitute an admission by the Party, or shall be used as evidence, that information designated as Confidential is actually Confidential, or that information designated Confidential – Counsel Eyes Only is actually Confidential – Counsel Eyes Only.  Furthermore, nothing contained herein shall preclude the Parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, hearing preparation materials, and privilege.

**14.      Modification of the Order**

Upon notice or motion, this Court may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including, without limitation, orders modifying, extending, limiting or vacating any or all of its provisions.

15. **Persons Bound**

This Order shall take effect when entered and shall be binding upon the Parties, their

Outside Counsel, and all persons made subject to the Order by its terms.

Stipulated and agreed to on the 13th of October, 2023 by:

ADAMS AND REESE LLP
KUBLANOVSKY LAW, LLC

By: ___ /s/ *Maia T. Woodhouse* ___
  Maia T. Woodhouse
  Joshua Counts Cumby
  Eugene D. Kublanovsky

*Attorneys for Defendant Juwai Ltd.*

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
  David Kleban
  Danhui Xu

*Attorneys for Plaintiff Dow Jones & Company, Inc.*

**SO ORDERED**, this 19th day of __October__, 2023.

_____
  Hon. P. Kevin Castel
  United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOW JONES & COMPANY, INC.,

                    Plaintiff,                Case No. 1:21-cv-07284-PKC

           - against -

JUWAI LTD.,

                  Defendant.

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, hereby affirm that:

1.   My present employer is _____ and the address of my present employment is

   _____
   _____.

2.   My present title or job description is

   _____.

3.   I acknowledge that I am about to receive Confidential Discovery Material or Confidential – Counsel Eyes Only Discovery Material supplied in the above-captioned matter.

4.   I have carefully read and understood the provisions of the Order in this Action and agree to be bound by its terms.

5.   Upon completion of my involvement in this matter, I will destroy or return all documents and materials that comes into my possession, and any writings prepared by me containing information designated as Confidential or Confidential – Counsel Eyes Only to counsel who provided me with such documents and materials.

6.      I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions by the Court for such failure and that the Parties may assert other remedies against me as permitted under New York law.

7.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____                    _____
                                                   Signature


                                                   _____
                                                   Print Name